AARON & PATERNOSTER, LTD.
MATTHEW E. AARON, ESQ.
Nevada Bar #004900
2300 W. Sahara Ave., Suite 650
Las Vegas, NV 89102
PH: (702) 384-4111
FX: (702) 384-8222
email: bk@aaronpaternoster.com
Attorneys for Debtor(s)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 13 Proceedings |
| **NATHAN NOWERY,** | Case No: 09-25653-LBR |
| Debtor(s). | DATE: 12/03/2009<br>TIME: 2:30 p.m. |

### MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF GMAC PURSUANT TO 11 U.S.C. §506(a) AND §1322.

COMES NOW, Debtor NATHAN NOWERY ("Debtor"), by and through his attorney, MATTHEW AARON, of the law firm of AARON & PATERNOSTER LTD., and hereby move this Court to modify the rights of GMAC ("GMAC") pursuant to 11 U.S.C.§506(a), and §1322, and Bankruptcy Rules 3012 and 9014. This Motion is based on the following Memorandum of Points and Authorities, the attached Exhibits, all papers and pleadings on file herein, and any other argument or evidence permitted by the Court.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

Debtor filed the instant Chapter 13, Case Number 09-25653-LBR, on or about August 25, 2009. On or about the petition date, Debtor owned real property located at or about 136 Spinnaker Drive, Henderson, Nevada 89015 ("Property"). The value of the Property is approximately $156,146.00.[1] At the time Debtor filed his Petition, and currently, the first mortgage held by AMERICA'S SERVICING CO, ("ASC") is in the approximate amount of $233,366.48[2]. The

---

[1] *See* copy of estimate from Cyberhomes.com attached hereto as Exhibit A.

[2] *See* Proof of Claim Form B10 (Proof of Claim 10-1) attached hereto as Exhibit B.

second mortgage, held by GMAC, is in the approximate amount of $58,817.00. As of the date of this filing, GMAC has not filed a proof of claim for the second mortgage. On or about the date Debtor filed the instant bankruptcy, no equity existed in the Property above the lien held by AMERICA'S SERVICING COMPANY for its first mortgage. GMAC'S second mortgage claim was wholly unsecured on the petition date and if the Property was sold at auction, GMAC would receive nothing for said second mortgage claim.

## II.

## LEGAL ARGUMENT

A wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. § 506(a), despite the anti-modification language in § 1322(b)(2).[3] The 9th Circuit reviewed and discussed *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993) regarding claims "secured" by real property, and the subsequent majority and minority interpretation and application thereof.[4] Based on its thorough analysis, the 9th Circuit found the majority interpretation and application of *Nobleman* to 11 U.S.C. §506 and §1322 compelling and held:

> Section 506(a) divides creditors' claims into 'secured . . . claims' and 'unsecured claims.' Although the conventional interpretation of 'secured' might include any claim in which the creditor has a security interest in the debtor's property, § 506 (a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Put more simply, a claim such as a mortgage is not a 'secured claim' to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, 'secured claim' is a term of art and not every claim that is secured by a lien on property will be considered a 'secured claim.'[5]

Here, GMAC'S second mortgage claim for the repayment is an unsecured claim because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the Property. Because GMAC'S second mortgage claim is wholly unsecured (no equity exceeding the first mortgage on the Property exists), Debtor

---

[3] *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002).

[4] *Id.*

[5] *Id.* at 1222-23.

respectfully requests this Court classify GMAC'S second mortgage claim to that of a general unsecured creditor to be paid pro rata with like unsecured creditors. Additionally, Debtor requests this Court strip GMAC of its secured rights, if any, for its second mortgage claim under State law because no maintainable security interest in the Property exists as to the second mortgage. Furthermore, an adversary proceeding is not required to obtain the relief requested herein. Debtor needs only request the relief sought herein by motion to "strip off" GMAC'S consensual second mortgage/secured credit line lien.[6]

### III.
### CONCLUSION

WHEREFORE, based on the foregoing, Debtor respectfully requests this Court: 1) "strip off" and extinguish GMAC'S wholly unsecured second mortgage lien pursuant to 11 U.S.C. §506(a) upon completion of Debtor's Chapter13 Plan payments; 2) Reclassify GMAC'S second mortgage claim as a general unsecured claim to be paid pro rata with claims of other general unsecured creditors through Debtor's Chapter 13 plan; and 3) other relief the Court deems just, equitable and/or appropriate.

Dated this 23rd day of October, 2009.

By: /s/ MATTHEW AARON
MATTHEW E. AARON, ESQ.
Nevada Bar #004900
Attorney for Debtor(s)

---

[6] See *In re Williams*, 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller*, 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins*, 262 B.R.693 (Bankr.E.D.Mich.2001), *In re King*, 290 B.R.641 (Bankr.C.D.Ill.2003), *In re Millspaugh*, 302 B.R.90 (Bank.D.Idahp2003), *Dickey v. Ben.Fin (In re Dickey)*, 293 B.R.360 (Bank.M.D.Pa.2003), *In re Hill*, 304 B.R.800 (Bankr.S.D.Ohio2003), *In re Sadala*, 294 B.R.180 (Bankr.M.D.Fla.2003), *In re Fisher*, 289 B.R. 544 (BankrW.D.N.Y.2003), *In re Robert*, 313 B.R.843 (Bankr.W.D.Ky.2004).

**EXHIBIT "A"**

# cyberhomes
*Find the right neighborhood. Find the right home.*

Home

## 136 Spinnaker Dr, Henderson, NV 89015



Estimate:
**$156,146**
Change over last month:
**+$3,686**

Estimate range: $140,531 - $179,567
Last Updated: 9/23/2009

### Home facts

| | |
|---|---|
| Bedrooms: | 3 |
| Bathrooms: | 3 |
| LivingArea: | 1,545 Sq ft |
| Lot Size: | 5,663 Sq ft |
| Type: | Single Family |
| Parcel Number: | 179-09-414-019 |
| County: | Clark |
| Year Built: | 1986 |
| Total Rooms: | 7 |
| Heating: | Forced air unit |
| Cooling: | Central |
| Number of Stories: | 2 |
| Legal Description: | PLAT BOOK 32 PAGE 38 LOT 39 BLOCK 4 |

**Estimated Home Value**

■ This House



$212k
$131k
Dec Jan Feb Mar Apr May Jun Jul Aug Sep
'09

### Sales History

| Sale Date | Sale Amount | Price per Living Area |
|---|---|---|
| 2/21/2007 | $292,000 | $189.00 |
| 12/22/2004 | $245,000 | $158.58 |
| 8/6/2003 | $150,000 | $97.09 |

### Assessed Values

| Year | Improvements | Land | Total |
|---|---|---|---|
| 2008 | $32,392 | $28,210 | $60,602 |
| 2007 | $31,110 | $39,550 | $70,660 |
| 2006 | $31,215 | $31,150 | $62,365 |

**View this property at:** http://www.cyberhomes.com/homes-henderson-nv-89015/136spinnakerdr/30690384.aspx (Report created on: 10/22/2009)

Copyright © 2009 LPS Real Estate Group.
Cyberhomes and Cyberhomes.com are trademarks of FNRES Holdings, Inc. All Rights Reserved.

None of the Cyberhomes™ valuations provided via this site are an appraisal report of the market value of the subject property prepared by a licensed professional appraiser. The valuation has been generated by use of proprietary computer software which assembles publicly available property records and certain proprietary data to arrive at an approximate estimate of home valuation. The Cyberhomes valuations have not been prepared, evaluated or reviewed by a licensed professional appraiser.

**EXHIBIT "B"**

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEVADA | | PROOF OF CLAIM 13 |
|---|---|---|
| Name of Debtor<br>Nathan Nowery | Case Number<br>09-25653-lbr | (This space for court use) |

NOTE: This form should NOT be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. Section 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property)<br><br>U.S. Bank National Association, as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust Series 2007-2<br><br>Name & address where notices and payments should be sent:<br>America's Servicing Company<br>One Home Campus, MAC ID#X2302-04C<br>Des Moines, IA 50328 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | |
|---|---|---|
| Account or other number by which creditor identifies debtor:  1158070240 / 09-72785 | Check here if this claim ☐ replaces  ☐ amends  a previously filed claim, dated | |

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☐ Services performed
- X Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries, and compensation (FILL OUT BELOW)
Your Social Security # _____
Unpaid compensation for services performed from
(date) _____ To _____ (date)

**2. Date debt was incurred:** February 15, 2007

**3. If court judgment, date obtained:**

**4. Total amount of claim at time case filed:** $233,366.48

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach an itemized statement of all interest or additional charges.

**5. Secured Claim.**
X Check this box if your claim is secured by collateral (including a right of setoff)

Brief description of collateral:
X Real Estate   ☐ Motor Vehicle
☐ Other

Amount of arrearages and other charges at time case filed included in secured claim, if any:

$18,137.28*

* Arrearages, as set forth in Schedule "A" attached. Plus accruing interest, late charges,

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority $
*Specify the priority of the claim:*
☐ Wages, salaries, or commissions up to $4,650* earned within 90 days before filing of the bankruptcy petition, or cessation of the debtor's business, whichever is earlier- 11 U.S.C. §507(a)(3)
☐ Contributions to an employee benefit plan.- 11 U.S.C. § 507(a)(4)
☐ Up to $2,100* of deposits toward purchase, lease or rental of property Or services for personal, family or household use- 11 U.S.C. § 507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child- 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8)
☐ OTHER-Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/98 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**9. Date-Stamped copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and a copy of this proof of claim.

(This space for court use)

Date: September 10, 2009             *K. Sdest*
                            WILDE & ASSOCIATES, counsel for creditor

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

Nathan Nowery
CASE NO: 09-25653-lbr

## SCHEDULE "A"

**PRINCIPAL BALANCE $233,366.48**

**ARREARAGES**

| | |
|---|---:|
| 11 Monthly payments at $1,332.33 (Oct 1, 2008-Aug | $14,655.63 |
| Accrued late charges | $466.72 |
| Attorney foreclosure fees and costs | $2,449.10 |
| Property preservation fee | $65.00 |
| Property inspection fee | $30.00 |
| Escrow shortage | $470.83 |
| TOTAL* | $18,137.28 |

*TOTAL GOOD THROUGH August 25, 2009

***NOTE: THE TOTAL DEBT IS THE SUM OF THE ARREARAGES AND THE PRINCIPAL BALANCE, LESS ANY PORTION OF THE ARREARAGES WHICH UNDER THE TERMS OF THE LOAN WOULD BE APPLIED AS A REDUCTION OF THE PRINCIPAL.

## CERTIFICATE OF SERVICE

On October 23, 2009, I served the following document(s)

<u>Notice of Hearing on Motion To Value Collateral, "Strip Off" and Modify Rights of GMAC Pursuant to 11 U.S.C §506(a) and §1322; Motion To Value Collateral, "Strip Off" and Modify Rights of GMAC Pursuant to 11 U.S.C. §506(a) and §1322.</u>

2. I served the above-named document(s) by the following means to the persons as listed below:

**x**    a. ECF System (You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary.)

Trustee Kathleen Leavitt: courtsecf3@las13.com

**x**    b. United States mail, postage fully prepaid, addressed as follows:
(List persons and addresses. Attach additional paper if necessary.)

Certified Mail:

GMAC
Agent, Officer or Managing Partner
P O Box 12699
Glendale, AZ 85318

Regular Mail:

NATHAN NOWERY
136 Spinnaker Drive
Henderson, NV 89015

o    c. Personal Service (List persons and addresses. Attach additional paper if necessary)

I personally delivered the document(s) to the persons at these addresses:
o    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the documents(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the documents(s) in a conspicuous place in the office.

o    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

o    d. By direct email (as opposed to through the ECF System)
(List persons and email addresses. Attach additional paper if necessary)

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below.

I did not receive, within a reasonable time after the transmission,.any electronic message or other indication that the transmission was unsuccessful.

o    e. By fax transmission (List persons and fax numbers. Attach additional paper if necessary)

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

o     f. By messenger (List persons and addresses. Attach additional paper if necessary) I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must he attached to this Certificate of Service,).

I declare under penalty of perjury that the foregoing is true and correct.

Signed on: October 23, 2009.

*[signature]*

An employee of Aaron & Paternoster, Ltd